IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAIME GONZALEZ, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. Act. No. 16-1042-LPS |
| | : | Cr. Act. No. 95-52-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

Jaime Gonzalez. *Pro se* Movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

**MEMORANDUM OPINION**[1]

May 29, 2020
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Murray M. Schwartz and was re-assigned to the undersigned's docket on May 27, 2015.



**STARK, U.S. District Judge:**

I.     **INTRODUCTION**

Jamie Gonzalez ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (D.I. 165)  The United States Government ("Respondent") filed an Answer in Opposition.  (D.I. 179)  For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f), without holding an evidentiary hearing.

II.    **BACKGROUND**

In September 1990, Movant was indicted on several charges in the Delaware Superior Court, including murder and arson.  *See United States v. Gonzalez*, 938 F. Supp. 1199, 1201 (D. Del. 1996).  The charges arose out a fatal bombing that occurred in August 1990.  (D.I. 179 at 8)  On May 9, 1991, a Delaware Superior Court jury found Movant not guilty on all counts of the State's indictment.  *Id.*

On August 8, 1995, Movant was indicted in the District of Delaware on three charges: (1) interstate transportation of an explosive device, in violation of 18 U.S.C. § 844(d); (2) carrying an explosive during the commission of a federal felony, in violation of 18 U.S.C. § 844(h);  and (3) traveling in interstate commerce with intent to promote the Delaware State offense of arson, in violation of 18 U.S.C. § 1952.  *See Gonzalez*, 938 F. Supp. at 1201.  On December 19, 1995, a federal jury found Movant guilty of Counts I and III.  (D.I. 77)  On August 22, 1996, Movant was sentenced to a term of life imprisonment on Count I and a concurrent term of five years of incarceration on Count III.  (D.I. 125)  Movant filed a motion for new trial, which the Honorable Murray M. Schwarz denied.  *See Gonzalez*, 938 F. Supp. at 1218.  Movant filed a direct appeal.  The Court of Appeals for the Third Circuit affirmed Movant's convictions on August 1, 1997,[2] and then

---

[2] *See United States v. Gonzalez*, 127 F.3d 1097 (Table), 1998 WL 569226 (3d Cir. Aug. 1, 1997).

denied Movant's petition for rehearing and entered its final judgment on October 27, 1997. (D.I. 144; D.I. 145) On January 12, 1998, Movant filed a petition for a writ of *certiorari* in the United States Supreme Court. (D.I. 146). The writ was denied on February 23, 1998. *See Gonzalez v. United States*, 522 U.S. 1137 (1998).

Movant filed the instant *pro se* § 2255 Motion in November 2016. (D.I. 165) The sole ground in the Motion asserts that the Government violated *Brady v. Maryland*, 377 U.S. 83 (1963), by improperly withholding three FBI lab reports (dated January 29, July 18, and October 1, 1991) which demonstrate his actual innocence. (D.I 165 at 4; D.I. 166 at 4-8) Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be dismissed as time-barred. (D.I. 179) Movant filed a Reply, asserting that his Motion should be considered timely filed under § 2255(f)(4) because the FBI lab reports he recently obtained constitute "newly discovered evidence" that could not have been discovered earlier through the exercise of due diligence. (D.I. 182 at 1)

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2) or (3). However, in his Reply to the Government's Answer, Movant contends that he is entitled to a later filing date under § 2255(f)(4), because he could not have discovered that the Government was in possession of the three FBI reports demonstrating his innocence until September 3, 2016, the date on which he received the reports in response to a FOIA request. (D.I. 182 at 2-5) This argument is unavailing. The record demonstrates that the three FBI lab reports were provided to Movant's trial counsel well in advance of his trial. (D.I. 179 at 17-25) In addition, the Government introduced the complete substance of the reports into evidence as part of its case-in-chief. (D.I. 179 at 10, 17-41) For these reasons, the Court concludes that the one-year period of limitations began to run when Movant's conviction became final under § 2255(f)(1) which, in this case, was February 23, 1998, the date on which the Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

To comply with the one-year limitations period, Movant had to file his § 2255 Motion no later than February 23, 1999. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on anniversary date of triggering event for starting limitations period). Movant did not file the instant § 2255 Motion until October

31, 2016,³ more than 17 years after the expiration of the filing deadline. Hence, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Movant asserts that the limitations period should be equitably tolled through September 3, 2016, the date on which he obtained the three FBI reports he believes establish his actual innocence. This argument is unavailing. The Court reiterates that the three FBI reports Movant asserts he "newly discovered" were provided to trial counsel prior to Movant's trial, and these reports were actually entered as evidence during the trial. Consequently, the fact that he obtained the reports in 2016 after submitting a FOIA request does not warrant equitable tolling.

Additionally, to the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling

---

³Pursuant to the prison mailbox rule, the Court adopts the date on which Movant placed the instant Motion in the prison mailing system – October 31, 2016 -- as the date of filing. (D.I. 165 at 13) *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . . .").

4

the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, because the doctrine of equitable tolling is not available to Movant on the facts he has presented, the Court will deny the instant Motion as time-barred.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## V. PENDING MOTIONS

Movant has filed a Motion for Retroactive Application of Amendment 591 Pursuant to 18 U.S.C. § 3562 (D.I. 154), a Motion to Reduce Sentence (D.I. 177), a Motion to Compel a Status Hearing (D.I. 164), a Motion for Evidentiary Hearing (D.I. 166), a Motion for Clarification (D.I. 172), a Motion to Supplement the Record Under *Gamble v. United States*, U.S. No. 17-646 and Appoint Counsel (D.I. 184), a Motion to Dismiss the Indictment (D.I. 185), and an Addendum of Supplemental Authority under *Asaro v. United States*, U.S. No. 19-107. Having determined that Movant's § 2255 Motion must be dismissed as time-barred, the Court will dismiss as moot his Motion to Compel a Status Hearing (D.I. 164), his Motion for Evidentiary Hearing (D.I. 166), and his Motion for Clarification (D.I. 172).

The Court will deny as meritless Movant's Motion for Retroactive Application of Amendment 591 Filed Pursuant to 18 U.S.C. § 3562(c). (D.I. 154) Amendment 591 is retroactively applicable and requires a sentencing court to apply the offense guideline listed in Appendix A that corresponds to the statute of conviction rather than the actual conduct of the offender. *See United*

*States v. Swint*, 251 F. App'x 765, 767 (3d Cir. 2007). However, in this case, Amendment 591 offers Movant no relief, because the Court selected the proper Guideline section listed in Appendix A (§ 2E1.2) when sentencing Movant for Count III. (D.I. 159 at 4)

The Court will also deny Movant's Motion to Reduce his sentence, in which he asserts a sentence reduction is justified given his rehabilitation and turning his life around. (D.I. 177) The Court's limited jurisdiction to consider a motion to reduce sentence is set forth in Federal Rule of Criminal Procedure 35(b) and 18 U.S.C. § 3582(c). Simply stated, Movant's assertions about rehabilitation and turning his life around do not meet the criteria for granting relief under either procedural vehicle. (D.I. 178 at 2)

Finally, the Court will deny Movant's Motion to Supplement the Record (D.I. 184), his Motion to Dismiss the Indictment. (D.I. 185), and his Addendum of Supplemental Authority (D.I. 186), as impermissibly and collectively attempting to amend his § 2255 Motion by adding a new double-jeopardy claim. All three filings argue that Movant's federal conviction violates double jeopardy because it was premised on behavior for which a Delaware state court jury acquitted him. (*See* D.I. 184 at 1-2 (citing *Gamble v. United States*, U.S. No. 17-646); D.I. 185 at 2-4 (citing *Gamble* and *Abbate v. United States*, 359 U.S. 187, 189-90, 196 (1959)); D.I. 186 at 1 (citing *Asaro v. United States*, U.S. No. 19-107))

A court may deny leave to amend where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Middlebrook v. Carroll*, 470 F. Supp. 2d 411, 419 (D. Del. 2007), *aff'd*, 293 F. App'x 858 (3d Cir. 2008). An amendment is futile if the proposed pleading could not withstand a motion to dismiss. *See City of Cambridge Re. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 278 (3d Cir. 2018). Examples of futility in the habeas context include time-barred amendments that do not relate back to the original petition, procedurally barred amendments, and amendments lacking arguable merit. *See Bernard v. United States*, 2019 WL 3719405, at *2 (D.N.J. Aug. 5, 2019) (noting

6

that amending with time-barred claim that does not relate back would be futile); *Hall v. Phelps*, 641 F. Supp. 2d 334, 342 (D. Del. 2009).

In this case, amending the original § 2255 Motion with the proposed double-jeopardy claim would be futile for three reasons. First, the original § 2255 Motion is time-barred. Second, the proposed double jeopardy claim is time-barred because Movant filed it more than 17 years after the expiration of the one-year AEDPA limitations period, and Movant does not assert a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Finally, the proposed double jeopardy argument is meritless. In June 2019, the United States Supreme Court issued a decision in *Gamble* re-affirming the dual sovereignty exception to the Double Jeopardy Clause articulated in *Abbate*, holding that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute." *Gamble v. United States*, 139 S.Ct. 1960, 1964 (2019) (also noting that dual sovereignty exception applies to reverse situation, by which federal government prosecutes defendant who has already been prosecuted by State). Consequently, the Double Jeopardy Clause was not offended when the State of Delaware and the United States separately prosecuted Movant for the same criminal acts stemming from the events of August 1990. Accordingly, the Court will deny Movant's Motion to Supplement the Record (D.I. 184), his Motion to Dismiss the Indictment. (D.I. 185), and his Addendum of Supplemental Authority (D.I. 186).

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find

7

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

### VII.   CONCLUSION

For the foregoing reasons, the Court will dismiss as time-barred Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. All pending Motions will also be denied, and the Court will not issue a certificate of appealability. An appropriate Order will be entered.